PAUL J. FISHMAN
United States Attorney
JORDAN M. ANGER
Assistant United States Attorney
970 Broad Street, Suite 700
Newark, New Jersey 07102-2535
Tel: (973) 645-2829

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>NOBEL LEARNING COMMUNITIES d/b/a CHESTERBROOK ACADEMY,<br><br>  Defendant. | Case No. 17-cv-_____ |

**COMPLAINT**

Plaintiff, the United States of America, brings this civil action against Defendant Nobel Learning Communities ("NLC" or Defendant) d/b/a Chesterbrook Academy and alleges as follows:

**NATURE OF ACTION**

1. This action is brought by the United States to enforce Title III of the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12181-89, as amended, and its implementing regulation, 28 C.F.R Part 36, against Defendant Nobel Learning Communities ("NLC"). Defendant owns and operates a facility known as the Chesterbrook Academy ("Chesterbrook"), located in Moorestown, New Jersey. Defendant violated the ADA by discriminating against M.M. on the basis of a disability by: 1) failing to make reasonable modifications to policies,

1

practices, or procedures for a child, M.M., who has Down syndrome, a chromosomal disorder that leads to impairments in both cognitive ability and physical growth; 2) expelling M.M. from Chesterbrook due to M.M.'s disability; and 3) excluding or otherwise denying equal goods, services, facilities, privileges, advantages, accommodations, or other opportunities to M.M.'s parents because of the known disability of M.M.

2. The Attorney General has commenced this action based on a determination that a person or group of persons has been discriminated against and that such discrimination raises an issue of general public importance. The United States seeks declaratory relief, compensatory damages, and a civil penalty against Defendant.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this action under 42 U.S.C § 12188(b)(1)(B) and 28 U.S.C. §§ 1331 and 1345. The Court may grant declaratory relief and further necessary or proper relief pursuant to 28 U.S.C. §§ 2201 and 2202, and may grant equitable relief, monetary damages, and a civil penalty pursuant to 42 U.S.C. § 12188(b)(2).

4. Venue is proper in the District of New Jersey pursuant to 28 U.S.C. § 1391(b)(1) because Chesterbrook is a private pre-school operating in this district. Venue is further proper in the District of New Jersey pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred in this district.

## PARTIES

5. Plaintiff is the United States of America.

6. Defendant NLC is a Delaware corporation with its principal place of business at 1615 West Chester Pike, West Chester, PA 19382. Defendant owns and operates Chesterbrook, located at 130 Borton Landing Road, Moorsetown, New Jersey 08057.

## FACTS

7.  Defendant is a private for-profit Delaware corporation that operates over 180 private schools throughout the United States, including approximately nine in New Jersey. NLC schools offer a private pre-school through 12th grade education.

8.  Defendant is a public accommodation within the meaning of 42 U.S.C. § 12181(7).

9.  Chesterbrook, which is owned and operated by Defendant, specifically offers day care and an educational foundation program from six-weeks old through kindergarten. Chesterbrook offers five pre-school programs prior to a child entering kindergarten: "Infants," "Toddlers," "Beginners" (ages 2-3), "Intermediates" (ages 3-4), and "Pre-K."

10. M.M. was born on July 11, 2011 with Down syndrome.

11. Children with Down syndrome typically have developmental delays, including delays in toileting.

12. M.M. was first enrolled at Chesterbrook on January 5, 2012.

13. At the time of M.M.'s enrollment, Chesterbrook was aware that M.M. had and would continue to have developmental delays.

14. Chesterbrook provides diaper changing services to children enrolled in all of its programs, except to children in the "Intermediates" and "Pre-K" programs.

15. The "Beginner" classroom is located approximately 20 to 30 feet from the "Intermediate" classroom. Chesterbrook provides diaper changing services within the "Beginner" classroom.

16. In some instances, where children still in diapers were age appropriate for the "Intermediate" program, Chesterbrook nonetheless kept some of those children in the "Beginner"

3

program so that diapering services could be provided.  In other instances, Chesterbrook moved children still in diapers into the "Intermediate" program because the child's level of cognitive development.  For the children still in diapers in the "Intermediate" program, Chesterbrook provided diapering services in nearby areas where Chesterbrook provided diapering services for younger children.

17. According to the Chesterbrook Academy Parent Handbook, "Children are placed according to developmental progress and may continue in a placement or repeat that placement if their developmental needs warrant such a decision."

18. On or about December 2014, Chesterbrook informed M.M.'s parents that it planned to move M.M. into the "Intermediate" program.  In response, M.M.'s parents expressed concerns, mostly because M.M. still required diapers due to her developmental delays.  M.M's parents, therefore, suggested that M.M. be kept in the "Beginner" program.  Chesterbrook personnel, however, stated it would go forward with its plan to move M.M. into the "Intermediate" program and assured M.M.'s parents that M.M. was appropriately placed and that Chesterbrook personnel would work with M.M. on becoming toilet trained.

19. On January 21, 2015, shortly after M.M. entered the "Intermediate" program, Chesterbrook Principal Kelly Honer sent an email to M.M.'s mother stating:

> We are really going to work on getting [M.M.] potty trained ...  Since [M.M.] is in a non-diapering classroom we need to set a time frame...  I was thinking about April 1st?  [It is] corporate policy I have to set a time frame to get [M.M.] potty trained.

20. After receiving the January 21, 2015 email, M.M.'s parents provided literature to Chesterbrook about delayed toilet training in children with Down syndrome.

21. On March 26, 2015, Chesterbrook informed M.M.'s parents that it was expelling M.M. from Chesterbrook, effective April 1, 2015, because M.M. was not toilet trained.

22. Before receiving notification of expulsion on March 26, 2015, M.M.'s parents never received any indication, written or otherwise, that the question of "April 1st?" was the deadline for either M.M. becoming toilet trained or being expelled from the school.

23. Subsequent to this five-day notice of expulsion, M.M.'s parents made several attempts to maintain M.M.'s enrollment at Chesterbrook. M.M.'s mother appealed in writing to the Executive Director of NLC and provided a doctor's note from M.M.'s physician concerning M.M.'s delayed toilet training. M.M.'s mother requested that M.M. be placed back into the "Beginner" program due to developmental needs.

24. Refusing the parents' requests, Defendant expelled M.M. from Chesterbrook due to M.M.'s disability. M.M.'s last day at Chesterbrook was March 31, 2015.

25. M.M. and M.M.'s parents were denied a full and equal opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations of Chesterbrook.

26. M.M. and M.M.'s parents were denied the services offered by Chesterbrook that are readily available to parents of other children without disabilities.

27. Defendant's discrimination caused M.M. and M.M.'s parents to feel stigmatized and mistreated, causing them anxiety, inconvenience, emotional pain and anguish.

## CAUSE OF ACTION

### Title III of the Americans with Disabilities Act

28. The allegations of paragraphs 1 through 27 are hereby re-alleged and incorporated by reference as if fully stated herein.

29. NLC discriminated against individuals on the basis of disability in the full and equal enjoyment of its goods, services, facilities, privileges, advantages, or accommodations in

violation of Title III of the ADA, 42 U.S.C. § 12182(a) and Title III implementing regulation at 28 C.F.R. Part 36, by:

    (a) Failing to make reasonable modifications in policies, practices, or procedures when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities in violation of 42 U.S.C. § 12182(b)(2) and its implementing regulation at 28 C.F.R. § 36.302;

    (b) Expelling M.M. from Chesterbrook on the basis of disability, which constitutes a denial of opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations in violation of and entity in violation of 42 U.S.C. § 12182(b)(1)(A) and its implementing regulation at 28 C.F.R. § 36.302; and

    (c) Excluding or otherwise denying equal goods, services, facilities, privileges, advantages, or accommodations to M.M. and M.M.'s parents because of the known disability in violation of 42 U.S.C. § 12182(b)(1)(E) and its implementing regulation at 28 C.F.R. § 36.205.

    (d) Individuals were aggrieved by Defendant's discriminatory actions. 28 C.F.R. § 36.504(a)(2).

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff United States prays that the Court:

    A. Grant judgment in favor of the United States and declare the Defendant violated Title III of the ADA, 42 U.S.C. §§ 12181-89 and its implementing regulation at 28 C.F.R. Part 36;

B.  Enjoin Defendant, its officers, agents, employees and all others in concert or other in participation with it, from engaging in discrimination against individuals with disabilities and specifically from failing to comply with Title III of the ADA, 42 U.S.C. §§ 12181-89 and its implementing regulation at 28 C.F.R. Part 36;

C.  Award compensatory damages to aggrieved individuals, including damages for pain, suffering and emotional distress to M.M. and M.M.'s parents, who are persons aggrieved due to Defendant's violations of the ADA, 42 U.S.C. §§ 12181-89 and its implementing regulation at 28 C.F.R. Part 36.

E.  Assess a civil penalty against Defendant in the maximum amount authorized by 42 U.S.C § 12188(b)(2)(C), to vindicate the public interest; and

F.  Order such other appropriate relief as the interests of justice may require.

Dated: 11-08, 2016

By: _____
VANITA GUPTA
Principal Deputy Assistant Attorney General
Civil Rights Division

PAUL J. FISHMAN
United States Attorney

By: _____
JORDAN M. ANGER
Assistant United States Attorney

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
UNITED STATES OF AMERICA

## DEFENDANTS
NOBEL LEARNING COMMUNITIES d/b/a CHESTERBROOK ACADEMY

**(b)** County of Residence of First Listed Plaintiff
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Burlington
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, Email and Telephone Number)*
United States Attorney's Office, 970 Broad St., Suite 700,
Newark, New Jersey 07102 - (973) 645-2829
jordan.anger@usdoj.gov

Attorneys *(If Known)*
Hangley Aronchick Segal Pudlin & Schiller
One Logan Square, 27th Floor
Philadelphia, Pennsylvania 19103 – 215-568-6200

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
[X] 1 U.S. Government Plaintiff
[ ] 2 U.S. Government Defendant
[ ] 3 Federal Question (U.S. Government Not a Party)
[ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane / [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability / [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | [ ] 820 Copyrights | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | | [ ] 830 Patent | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine / [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 840 Trademark | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | **LABOR** | **SOCIAL SECURITY** | [ ] 460 Deportation / [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | **PERSONAL PROPERTY** | [ ] 710 Fair Labor Standards Act | [ ] 861 HIA (1395ff) | [ ] 480 Consumer Credit |
| [ ] 160 Stockholders' Suits | [ ] 350 Motor Vehicle / [ ] 370 Other Fraud | [ ] 720 Labor/Management Relations | [ ] 862 Black Lung (923) | [ ] 490 Cable/Sat TV |
| [ ] 190 Other Contract | [ ] 355 Motor Vehicle Product Liability / [ ] 371 Truth in Lending | [ ] 740 Railway Labor Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 195 Contract Product Liability | [ ] 360 Other Personal Injury / [ ] 380 Other Personal Property Damage | [ ] 751 Family and Medical Leave Act | [ ] 864 SSID Title XVI | [ ] 890 Other Statutory Actions |
| [ ] 196 Franchise | [ ] 362 Personal Injury - Medical Malpractice / [ ] 385 Property Damage Product Liability | [ ] 790 Other Labor Litigation | [ ] 865 RSI (405(g)) | [ ] 891 Agricultural Acts / [ ] 893 Environmental Matters / [ ] 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | [ ] 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | [ ] 896 Arbitration |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights / **Habeas Corpus:** | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 220 Foreclosure | [ ] 441 Voting / [ ] 463 Alien Detainee | | [ ] 871 IRS—Third Party 26 USC 7609 | |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment / [ ] 510 Motions to Vacate Sentence | | | [ ] 950 Constitutionality of State Statutes |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations / [ ] 530 General | **IMMIGRATION** | | |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment / [ ] 535 Death Penalty | [ ] 462 Naturalization Application | | |
| [ ] 290 All Other Real Property | [X] 446 Amer. w/Disabilities - Other / **Other:** [ ] 540 Mandamus & Other | [ ] 465 Other Immigration Actions | | |
| | [ ] 448 Education / [ ] 550 Civil Rights | | | |
| | [ ] 555 Prison Condition | | | |
| | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
[X] 1 Original Proceeding
[ ] 2 Removed from State Court
[ ] 3 Remanded from Appellate Court
[ ] 4 Reinstated or Reopened
[ ] 5 Transferred from Another District *(specify)*
[ ] 6 Multidistrict Litigation - Transfer
[ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. §§ 12181-89, Americans With Disabilities Act

Brief description of cause:
Civil rights action against school which expelled a student with disabilities

## VII. REQUESTED IN COMPLAINT:
[ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.
**DEMAND $**
CHECK YES only if demanded in complaint:
**JURY DEMAND:** [ ] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE
DOCKET NUMBER

DATE: 01/17/2017
SIGNATURE OF ATTORNEY OF RECORD: /s/ Jordan M. Anger

**FOR OFFICE USE ONLY**

RECEIPT #    AMOUNT    APPLYING IFP    JUDGE    MAG. JUDGE

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.(a) **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.
  (b) **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)
  (c) **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II. **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

III. **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerk(s) in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

V. **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

VI. **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

VII. **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.